IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TORREY LAMONT LOVE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-13-1402 |
| WILLIAM A. RUMGAY, | * | |
| TODD PRESSMAN, | | |
| PENNIE KYLE, | * | |
| SGT. WADE E. SIBLEY, | | |
| RICHARD SIVIC, | * | |
| JASON M. MERRITT, | | |
| CRAIG W. MILLER, | * | |
| TFC GRANT, and | | |
| TFC RANK | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was filed on May 13, 2013, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. For the reasons following, the Complaint must be dismissed without prejudice.

Plaintiff, an inmate at Jessup Correctional Institution (JCI), alleges that on June 1, 2010, he was a passenger in a car that was pulled over by State Troopers on Interstate 68 for an alleged speeding violation. ECF No. 1 at p. 3. The driver of the car, Cristi E. Elliott, was removed from the car and was ordered to stand at the front, passenger side of the trooper car. A dog was used to search the vehicle after officers were allegedly told they had probable cause because Elliott had been stopped previously and found to have Controlled Dangerous Substances (CDS) in her car. *Id*. at p. 4. When the dog "hit" on the passenger's side of the car where Plaintiff was sitting, Plaintiff was placed under arrest. Plaintiff claims that Elliott told police the CDS was hers, but

Plaintiff was nonetheless convicted of the offense and is now incarcerated for it. *Id*. at pp. 4 – 5. He seeks monetary damages related to the conviction and subsequent incarceration. *Id*. at p. 3.

In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction. In the event Plaintiff's conviction is overturned, he may re-file his constitutional claim for damages at that time. A separate Order dismissing the complaint without prejudice follows.

<u>May 16, 2013</u>    _____/s/_____
Date                    RICHARD D. BENNETT
                        UNITED STATES DISTRICT JUDGE