## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TORREY LAMONT LOVE          *

Plaintiff                   *

v                           *          Civil Action No. RDB-13-1402

WILLIAM A. RUMGAY, et al.   *

Defendants                  *
                          ***

## MEMORANDUM OPINION

Pending is Defendant Sibley's Motion to Dismiss[1] (ECF No. 13) and Plaintiff's Response in Opposition (ECF No. 16). Also pending are Plaintiff's Motions to Appoint Counsel. ECF No. 5 and 15. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

The Complaint alleges that on June 1, 2010, a car in which Plaintiff was a passenger[2] was pulled over on Interstate 68 for an alleged speeding violation by State Troopers Craig Miller and Rank. Miller and Rank both approached the vehicle after it was stopped and obtained identification from both the driver and Plaintiff. During the stop Miller informed Rank that the driver, Cristi Elliott, had been pulled over before with controlled dangerous substance (CDS) in her car and that they had probable cause to scan the car. After Miller called for the scan, Officer Wade Sibley appeared on the scene, and later joined by Detective William A. Rumgay. Elliott was removed from the car and Sibley performed the scan of the car using his service dog. Plaintiff remained in the car. The dog signaled the presence of CDS on the passenger-side of the vehicle where Plaintiff was sitting. Plaintiff claims officers asked him if he had drugs in his

---

[1] The remaining Defendants have not yet responded to the Complaint.

[2] The driver of the car was Cristi E. Elliott. ECF No. 1 at p. 3.

anus; patted him down; and removed his shoes. After nothing was found on Plaintiff, he was required to walk back to the patrol car, still shoeless, where he was then handcuffed behind his back by an unknown officer. Plaintiff asked why he was being arrested and why he was not allowed to put his shoes back on. He claims he was told to shut-up and was slammed face-first onto the trunk of the patrol car. ECF No. 1 at pp. 3 - 4.

The car was searched for approximately 25 minutes, but nothing was found inside the car or on Plaintiff. Both Plaintiff and Elliott were taken to the Cumberland Police Department where Elliott was later searched and found to be in possession of CDS. She told officers the CDS was hers and that Plaintiff had no knowledge of it. Plaintiff claims that Rumgay testified falsely at both Elliott's and his preliminary hearings, and as a result his bail was set at $200,000 and the case was held over for proceedings in the Circuit Court for Allegany County. Plaintiff was held in the Allegany County Detention Center for 162 days pending trial. His charges were ultimately nolle prossed. ECF No. 1 at pp.5 - 6. Plaintiff claims all Defendants were present during the stop when he was assaulted and handcuffed, but he is unable to state which officer actually assaulted him. *Id.* at p. 7.

### Appointment of Counsel

Plaintiff asserts he is unable to afford counsel and that without counsel he will be precluded from inspecting relevant documents and other evidence pertinent to his claims. Additionally, he states the interests of justice would be served if counsel were appointed and permitted to amend the Complaint. ECF No. 5 and 15.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional

---

[3] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1) and his motions shall be denied without prejudice.

### Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to Plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

3

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

### Analysis

Defendant Sibley asserts he is entitled to have the Complaint against him dismissed because it fails to state a claim against him; he is entitled to qualified immunity; and he is entitled to public official immunity. ECF No. 13. In his opposition to Sibley's motion, Plaintiff asserts that Defendant Rumgay testified falsely regarding his actions as well as Sibley's conduct during the search of the vehicle. ECF No. 16. Plaintiff suggests the false testimony indicates a conspiracy between Rumgay and Sibley. *Id.*

### Eleventh Amendment

Sibley asserts that any claims raised against him in his official capacity are barred by the Eleventh Amendment. ECF No. 13 at pp. 3-4. Just as a State may not be sued directly absent its consent, a state official may not be sued in his official capacity for damages.[4] *See Ballenger v. Owens*, 352 F. 3d 842, 845 (4th Cir. 2003). Thus, to the extent the claims raised in the self-represented Complaint are brought against Sibley in his official capacity, they are dismissed. That does not, however, dispose of the claims raised against him in his individual capacity.

---

[4] As a matter of Maryland law, county sheriffs and deputy sheriffs are officials and/or employees of the State, not the county. *See Rucker v. Harford County*, 558 A.2d 399, 402 (1989).

When considering whether a defendant is entitled to avail himself of a qualified immunity defense, this Court must consider whether, at the time of the claimed violation, this right was clearly established and "whether a reasonable person in the official's position would have known that his conduct would violate that right." *Rish v. Johnson*, 131 F. 3d 1092, 1095 (4th Cir. 1997). Plaintiff's claim against Sibley is that he participated in a chain of events that led to Plaintiff's alleged wrongful arrest and incarceration; and that he was present when Plaintiff was assaulted during his arrest. ECF No. 16. Specifically, Plaintiff claims "Defendants acted as a team during the stop and Defendant Det. Sibley along with the other officers failed to protect the Plaintiff from assault and misuse of power from himself and other officers." *Id.* at p. 4. The alleged assault is described by Plaintiff in the Complaint as follows:

> I was then told to shut up by an unknown officer, and was then grabbed by my hair, and my face slammed on the trunk of the patrol car. My face hurt, and was hot from the heat on the cars trunk. My feet were hot from the heat on the blacktop.

ECF No. 1 at pp. 4 – 5. With respect to Plaintiff's claim of assault during his arrest, the Complaint provides adequate notice to Defendants of the claim against them and the conduct described raises a colorable Fourth Amendment excessive force claim. Thus, the Fourth Amendment claim as to Sibley shall not be dismissed.

Sibley is entitled to qualified immunity with respect to the claim that his search of the vehicle ultimately led to Plaintiff's alleged wrongful arrest and incarceration. Sibley's deployment of a trained narcotics dog to scan the car in which Plaintiff was a passenger was objectively reasonable in light of the request by officers on the scene to search the car. A reasonable officer in Sibley's position would not have known that this conduct would result in

the violation of a protected right. Accordingly, any claims against Sibley related to his search of the car shall be dismissed.

A separate Order denying Plaintiff's Motions for Appointment of Counsel without prejudice and granting in part and denying in part Defendant's Motion to Dismiss follows.

_November 18, 2013_
Date

_RICHARD D. BENNETT_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE